UNITED STATES of America ex rel., J. Benjamin JOHNSON, Jr., et al.

v.

SHELL OIL COMPANY, et al.

Civil Action No. 9:96 CV 66.

United States District Court,
E.D. Texas,
Lufkin Division.

July 24, 1998.

Clayton Edward Dark, Jr., Clayton E. Dark, Jr., Attorney, Lufkin, Thomas Walter Umphrey, Michael A Havard, Provost & Umphrey, Beaumont, Rayford Lee Etherton, Jr., Etherton Smith, John Michael Fincher, Mobile, AL, Reuben A. Guttman, Provost & Umphrey, Washington, DC, Scott A. Powell, Don McKenna, Hare Wynn Newell & Newton, Birmingham, AL, James Burdette Helmer, Jr., Helmer Lugbill Martin & Morgan Co, Cincinnati, OH, for J. Benjamin Johnson, Jr., John M. Martineck.

Claude Edward Welch, John Wesley Tunnell, Law Offices of Claude E Welch, Lufkin, TX, Harold Wayne Nix, Nix Law Firm, Daingerfield, TX, Michael Bryan Angelovich, The Nix Law Firm, San Antonio, TX, for Harrold E. "Gene" Wright.

Carl A. Parker, Parker Parks & Rosenthal, Port Arthur, TX, Wayne A. Reaud, Reaud Morgan & Quinn, Beaumont, Daniel William Packard, Packard & Packard, Beaumont, TX, Von G. Packard, Packard Packard & Johnson, Palo Alto, CA, Lon D. Packard, Packard Packard & Johnson, Salt Lake City, UT, for Leonard Brock, Danielle Brian, Project on Government Oversight.

Olen Kenneth Dodd, AUSA, U.S. Attorney's Office, John Michael Bradford, U.S. Attorney, Beaumont, Robert J. McAulisse, U.S. Department of Justice, Dodge Wells, U.S. Department of Justice, Civil Division, Washington, DC, for United States of America.

George Edward Pickle, Jr., Ann Spiegel, Shell Oil Co. Legal Department, Houston, L. Poe Leggette, Fulbright & Jaworski, Washington, DC, James Stephen Roper, Zeleskey Cornelius Hallmark Roper & Hicks, Lufkin, Daniel M. McClure, Richard N. Carrell, Fulbright & Jaworski, Houston, Brian C. Elmer, Thomas P. Humphrey, Crowell & Moring L.L.P., Washington, DC, for Shell Oil Co., Shell Deepwater Production, Inc., Shell Offshore Ventures, Inc., Shell Oil Products Co., Shell Western Exploration & Production, Inc., Shell Exploration and Production, Inc., Shell Consolidated Energy Resources, Inc., Shell Frontier Oil & Gas, Inc., Shell Land & Energy Co., Shell Offshore Inc.

Thomas T. Hutcheson, Locke Liddell & Sapp, Michael Lee Homeyer, Amoco Corp., Houston, TX, Kenzy Donovan Hallmark, Zeleskey Cornelius Hallmark Roper & Hicks, Lufkin, TX, Frank Cicero, Jr., Steven Craig Coberly, David J. Zott, Kirkland & Ellis, Chicago, IL, William John Noble, Amoco Corporation, Chicago, IL, for Amoco Co., Amoco Oil Co., Amoco Production Co., Amoco Supply & Trading Co., Amoco Pipeline Co., Amoco Petroleum Products.

Russell Dwight Howell, Conoco Inc., Houston, TX, James Stephen Roper, Zeleskey Cornelius Hallmark Roper & Hicks, Lufkin, TX, Daniel M. McClure, Richard N. Carrell, Fulbright & Jaworski, Houston, TX, George J. Terwilliger, III, McGuire Woods Battle & Boothe L.L.P., Washington, DC, for Conoco, Inc.

Thomas H. Owen, Jr., Burlington Resources Inc., Houston, TX, Taylor Mayo Hicks, Hicks Thomas & Lilienstern, Houston, TX, John T. Boese, Anthony S. Yoo, Fried Frank Harris Shriver & Jacobson, Washington, DC, for Burlington Resources, Inc.

Randall M. Ebner, Exxon Company USA, Houston, TX, Shannon H. Ratliff, McGinnis Lochridge & Kilgore, Austin, TX, for Exxon Corp.

Michael Paul Graham, Baker & Botts, Houston, TX, Russell Dwight Howell, Conoco, Inc., Legal Dept., Houston, TX, James Stephen Roper, Zeleskey Corelius Hallmark roper & Hicks, Lufkin, TX, Daniel M. McClure, Richard N. Carrell, Fulbright & Jaworski, Houston, TX, George J. Terwilliger, III., J. William Boland, Darryl S. Lew, McGuire Woods Battle & Boothe L.L.P., Washington, DC, for Chevron Corp., Chervron, USA, Inc., Chevron Oil Co., Cheveron USA Production Co., Chevron Products Co., Chevron Oil Trading Co., Inc.

Jefferson Gregory Copeland, Rufus W. Oliver, III, Baker & Botts, Houston, TX, Robert J. Pickens, Marathron Oil Company, Houston, TX, for Marathon Oil Co., Marathon Oil-Refining Transp. & Marketing, Marathon Petroleum Co.

John Harrell Feldt, Andrew McCollam, Richard H. Page, III, Vinson & Elkins, Houston, TX, James Allen Drexler, UNOCAL, Sugarland, TX, for Union Oil Co. of California, Unocal Corp., Unocal Exploration Corp.

Ronald Earl Cook, Cook & Roach, L.L.P., Houston, TX, Howard J Nichols, Squire Sanders & Dempsey, Cleveland, OH, for BP America, Inc. BP Chemical Inc., BP Exploration & Oil Inc., BP North American Petroleum Inc., BP Oil Co., BP Exploration Inc., BP Exploration (Alaska) Inc., BP Oil Supply Co.

Richard W. Beckler, Fulbright & Jaworski, Washington, DC, James Stephen Roper, Zeleskey Cornelius Hallmark Roper & Hicks, Lufkin, TX, Eric Anthony Allen, Phillips Petroleum Corp, Bartlesville, OK, Daniel M. McClure, Richard N. Carrell, Fulbright & Jaworski, Houston, TX, for Phillips Petroleum Co., Phillips 66 Co., Phillips Oil Co., Kerr–McGee Corp., Kerr–McGee Oil Industries Inc., Kerr–McGee Petroleum Exploration and Production, Kerr–McGee Petroleum Exploration & Production Co., Kerr–McGee Refining Corp.

Tyler Alexander Baker, Fletcher L. Yarbrough, Kenneth E. Carroll, Carrington Coleman Sloman & Blumenthal L.L.P., Dallas, TX, Linda A. Allen, Pennzoil Exploration and Production Co., Houston, John McDonald, Jackson & Kelly, Washington, DC, for Pennzoil Co., Pennzoil Exploration and Production Co., Pennzoil Petroleum Co., Pennzoil Producing Co., Pennzoil United Inc., Pennzoil Products Co., Pennzoil Louisiana and Texas Offshore Inc.

William Raymond Stoughton, Kristen Garvey Schulz, McKenna & Cuneo, Dallas, TX, Taylor Mayo Hicks, Hicks, Thomas & Lilienstern, Houston, TX, Mark R. Troy, McKenna & Cuneo, Los Angeles, CA, Becky McGee, Oryx Energy Company, Dallas, TX, for Oryx Energy Co., Oryx Crude Trading and Transp. Inc.

Max Hendrick, III, James Daniel Thompson, III, Susan Schmidt Pie, Vinson & Elkins, Houston, TX, Claudia Wilson Frost, Baker & Botts, Houston, TX, Oliver S. Howard, M. Benjamin Singletary, Gable Gotwals Mock Schwabe Kihle Gaberino, Tulsa, OK,

Peter J. Levin, Pierson Semmes and Bemis, Washington, DC, for Sun Co., Inc.

Claudia Wilson Frost, Baker & Botts, Houston, TX, Oliver S. Howard, M. Benjamin Singletary, Gable Gotwals Mock Schwabe Kihle Gaberino, Tulsa, OK, Peter J. Levin, Pierson Semmes and Bemis, Washington, DC, for Oxy USA, Inc., Oxy Petrochemicals Inc.

David Richard Woodward, Larry William Johnson, Robert G. Buchanan, Jr., Cowles & Thompson, Dallas, TX, for Canadianoxy Offshore Production Co.

George Edmond Chandler, Chandler Law Offices, Lufkin, TX, Raymond Doak Bishop, Weston C. Loegering, MaryAnn Joerres, Hughes & Luce, Dallas, TX, Darrin M. Walker, Chandler Law Offices, Lufkin, TX, Regina Cooper Himelfarb, Fort Worth, TX, for Union Pacific Corp., Union PAcific Fuels, Inc., Union Pacific Resources Co., Union Pacific Austin Chalk Co., Union Pacific Resources Group Co., Union Pacific Oil and Gas Co.

Roger Neil Moss, Lufkin, TX, Karen L. Manos, Alan M. Grimaldi, Charles J. Engel, III, Kristen S. Scammon, Howrey & Simon, Washington, DC, Bob F. Wright, Domengeaux Wright & Roy, Lafayette, LA, Michael Van Ardoin, Robert K. Hammack, Lafayette, LA, for Texas Inc., Texaco Exploration & Production Inc., Texaco Trading & Transp., Inc., Texaco Oil Trading & Supply Co., Texaco Producing Inc., Texaco Refining & Marketing, Inc., Four Star Oil and Gas Co.

## ORDER

HANNAH, District Judge.

Before the Court is the Motion to Dismiss Under Rule 12(b) on Primary Jurisdiction Grounds brought by the defendants in this case. After review of the motion, the response of the United States and the relators, and hearing the arguments of counsel, it is the opinion of the Court that the motion is not well taken and should be DENIED.

## BACKGROUND

The complaints filed by the United States and by the relators allege that the defendants violated the False Claims Act, 31

U.S.C. § 3729 *et seq.*, in connection with reporting the value of oil produced on federal and Indian leases and paying royalties for the oil produced. Defendants assert that the complaint filed by the United States and the relators should be dismissed because the Department of Interior (D.O.I.), an agency of the plaintiff, the United States, has primary jurisdiction over the issues presented in the complaints. Defendants claim that "[T]he royalty valuation process begins with an audit" and that the accuracy of each and every M.M.S.–2014 form submitted by them to the United States over the last ten or twelve years must be determined by the Minerals Management Service ("M.M.S.") of the D.O.I. before this Court should assert jurisdiction over this case.

The United States argues that the defendants misunderstand the process, which begins, not with an audit but with a submission to D.O.I. each month of statements by the defendants reporting the volume and value of the oil produced on each federal lease. The audits and other procedures occur subsequently as checks on the statements and payments submitted by the defendants.

■ The United States argues further that the False Claims Act case centers on "conduct that is either fraudulent or the product of reckless disregard or deliberate ignorance of the requirement to submit truthful claims to the government."[1] The government points out that the D.O.I. does not have jurisdiction to undertake such an inquiry and that a federal district court has subject matter jurisdiction to enforce the False Claims Act. Federal agencies are specifically prohibited by statute from adjudicating or compromising civil fraud claims. 31 U.S.C. § 3711(c)(1); 41 U.S.C. § 605(a). Further, according to Executive Order 6166, June 10, 1933, the Department of Justice has exclusive authority over civil fraud claims. The government further argues that its choice of forum should be respected and that the exhaustion of administrative remedies is not necessary.

The relators argue that defendants are attempting to recharacterize their complaint

under the False Claims Act as stating a "bad math" problem caused by misapplication of the M.M.S. regulations. Relators assert that the issue of whether defendants misrepresented information to M.M.S. is fundamentally different than whether the royalty evaluations were correct under the regulations. Relators point out that the Court cannot delegate to the M.M.S. its authority to adjudicate a F.C.A. case nor can the agency grant remedies under the F.C.A.

## DISCUSSION

■ Primary jurisdiction is a judicially created doctrine whereby a court of competent jurisdiction may dismiss or stay an action pending a resolution of some portion of the action by an administrative agency. The doctrine is invoked when the enforcement of the claim requires the resolution of issues which are under a regulatory scheme and have been placed within the special competence of an administrative body. In such a case the judicial process is suspended pending referral of such issues to the administrative body. *United States v. Western Pacific R.R.Co.*, 352 U.S. 59, 63–64, 77 S.Ct. 161, 165, 1 L.Ed.2d 126 (1956). "[I]n cases raising issues of fact not within the conventional experience of judges or in cases requiring the exercise of administrative discretion, agencies created by Congress for regulation the subject matter should not be passed over." *Far East Conference v. United States*, 342 U.S. 570, 574, 72 S.Ct. 492, 494, 96 L.Ed. 576 (1952). The doctrine of primary jurisdiction is a flexible one to be applied at the discretion of the district court. *El Paso Natural Gas Co. v. Sun Oil Co.*, 708 F.2d 1011, 1020 (5th Cir.1983), *cert. denied*, 468 U.S. 1219, 104 S.Ct. 3589, 82 L.Ed.2d 887 (1984). Application of the doctrine is appropriate where uniformity of a certain type of administrative decision is desirable or where there is a need for specialized or expert knowledge of an agency. *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 919 (5th Cir.1983).

■ In considering whether to defer to an agency's primary jurisdiction, the court must weigh the benefits of obtaining the

---

1. Defendants' Memorandum at 14, n. 13.

agency's aid against the need to resolve the litigation expeditiously. The district court may defer only if the benefits of the agency review exceed the costs imposed on the parties. *Gulf States Utilities Co. v. Alabama Power Co.,* 824 F.2d 1465, 1473 (5th Cir.1987) (*citing Mississippi Power & Light Co. v. United Gas Pipeline Co.,* 532 F.2d 412, 419 (5th Cir.1976), *cert. denied,* 429 U.S. 1094, 97 S.Ct. 1109, 51 L.Ed.2d 541 (1977)).

■ In this case the Court finds that the weighing of the factors required does not suggest that deferral to the D.O.I. would be of benefit in resolving the issues posed by this litigation. Such a deferral would prolong unnecessarily the resolution of the dispute.[2] The defendants argue that the government's and relators' cases require a specific and detailed analysis of each Form M.M.S.–2014 filed by defendants over the last ten to twelve years. Since the D.O.I. has yet to make a determination that oil undervaluations have occurred in regard to each or any Form M.M.S.–2014, this action should be dismissed for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

The Court disagrees. The plaintiffs only have to prove that a method was used by the defendants as to a particular report that intended underpayment for defendants to be liable and subject to penalties.

Defendants' argument that this Court should defer in favor of the D.O.I. or M.M.S. is further undermined by the fact that neither the M.M.S. nor the D.O.I. desire to have this matter pursued through the administrative process. *See Danden Petroleum v. Northern Natural Gas Co.,* 615 F. Supp. 1093 (D.C.Tex.1985). Accordingly,

IT IS ORDERED that the defendants' Motion to Dismiss Under Rule 12(b)(6) on Primary Jurisdiction Grounds (Doc. # 215) is DENIED.

---

**2.** The Court notes the statements of defense counsel at the hearing held July 16, 1998, that the defendants have various rights of appeal within the agency of any decisions made regarding their royalty payments and possibly judicial review. Such a process could drag on well into the next century, thus frustrating the possibility of expeditious resolution of this matter.